UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHRIS BRUNO

KIMBERLY BRUNO

      Plaintiff,

V.                                        CIVIL ACTION NO

UNITED RECOVERY SYSTEMS, LP

Defendant.                              OCTOBER 29, 2014

## COMPLAINT

Plaintiff, sues Defendant United Recovery Systems, LP a collection agency, which is doing business in Maryland and alleges:

## I. PRELIMINARY STATEMENT

1. This is an action brought pursuant to 15 D.S.C. § 1692, *et sequi,* known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. The jurisdiction of this Court arises under 15 U.S.C. §1692k and 28 U.S.C. §1337.

## III. ALLEGATIONS AS TO PARTIES

3. Plaintiff is a resident of Millersville, Maryland.

4. Defendant, ("Collection Agency"), was licensed as a collection agency as required by the Maryland Department of Financial Regulation.

5. At all times material hereto, Defendant was doing business in Maryland.

6. At all times material hereto, Defendant, was acting like a licensed collection agency with a principal place of business at 5800 NORTH COURSE DR., HOUSTON, TX 77072.

7. Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in the State of Maryland.

## IV. FACTUAL ALLEGATIONS

8. Defendant is the collection agent for Capital One and regularly collected or attempted to collect monies from consumers for delinquent or alleged delinquent personal debt.

9. Plaintiff had a automobile retail installment loan with Capital One.

10. On or about October 20, 2014, Defendant communicated with the Plaintiff for the purpose of collecting monies for an alleged delinquent toll purportedly owed by plaintiff to Capital One. (Initial Communication)

11. Defendant failed to send or mail a copy of the validation of debts clause notice pursuant to §1692g within 5 days of the initial communication.

12. Defendant still continues to collect this disputed debt, despite never sending a validation of debts clause notice regarding the dispute rights Plaintiff has in regards to the debt.

13. Defendant has no procedures in place to send a validation of debts clause notice and leaves consumers debtors completely unaware of their rights pursuant to the FDCPA.

## V. ALLEGATIONS OF LAW

### A. General

14. At all times material hereto, plaintiff was a "consumer" as said term is defined under 15 U.S.C. §1692a (3).

15. At all times material hereto, "Capital One", represented by Defendant was a "creditor" as said term is defined under 15 U.S.C. §1692a (4).

16. At all times material hereto, the amount purportedly owed to "Capital One" represented by Defendant was a "debt" as said term is defined under 15 U.S.C. §1692a (5).

**A. Unlawful Claim**

17. With respect to the attempt by Defendant to collect the alleged debt as more particularly described above, the conduct of Defendant violated the FDCPA, including but not limited to:

### A. 15 U.S.C. § 1692e - False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

### B. 15 U.S.C. § 1692g - Validation of debts

> (a) Notice of debt; contents
> <u>Within five days after the initial communication</u> with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—
> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

18. As a result of Defendant's' conduct, Plaintiff is entitled to an award of actual and statutory damages pursuant to 15 U.S.C. §1692k.

19. Plaintiff is entitled to an award of costs and attorneys fees pursuant to 15 U.S.C. § 1692k.

**WHEREFORE, Plaintiff, an individual, requests judgment be entered in her favor against Defendant for:**

1. Actual and statutory damages pursuant to 15 U.S.C. §1692k;

2. An award of costs and attorney's fees pursuant to 15 U.S.C. § 1692k; and

3. Such other and further relief as the Court may deem just and equitable.

THE PLAINTIFFS

BY /S/ Bernard T. Kennedy
Bernard T. Kennedy, Esq.
The Kennedy Law Firm
34 Rogers Street, Suite A
Blairsville, GA 30512
Phone 706-400-2650
bernardtkennedy@yahoo.com